Case 05-29960    Filed 11/06/06    Doc 38

FILED

NOV - 6 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>FARNSWORTH INSURANCE SERVICES, INC.,<br><br>Debtor. | Case No. 05-29960-A-7<br>DCN: BLL-2<br><br>Date: October 23, 2006<br>Time: 9:00 a.m. |

### MEMORANDUM

The trustee seeks approval of a settlement agreement between the estate and Kurt Farnsworth, the debtor's principal, over the estate's interest in insurance premium renewal payments ("renewal accounts").

Under the terms of the settlement agreement, Mr. Farnsworth will pay the estate $15,000 and, in exchange, the estate will release its interest in the renewal accounts and claim against Mr. Farnsworth for renewal accounts he may have collected. The trustee further seeks approval of compensation and reimbursement of expenses for his counsel, based on a one-third contingency fee agreement previously approved by the court.

On a motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Fed. R. Bankr. P. 9019. Approval of a compromise must be based upon

considerations of fairness and equity.  <u>In re A & C Properties</u>, 784 F.2d 1377, 1381 (9th Cir. 1986).  The court must consider and balance four factors: 1) the probability of success in the litigation; 2) the difficulties, if any, to be encountered in the matter of collection; 3) the complexity of the litigation involved; and 4) the paramount interest of the creditors with a proper deference to their reasonable views.  <u>In re Woodson</u>, 839 F.2d 610, 620 (9th Cir. 1988).

   The court finds that the <u>Woodson</u> factors balance in favor of approving the compromise.  That is, considering the modest amount in controversy, approximately $25,000, the risks, delay, and costs of litigation, Mr. Farnsworth's questionable ability to satisfy a judgment in excess of the settlement amount, and the modest discount being paid on the renewal accounts, the settlement is equitable and fair.  Therefore, the court finds the compromise to be in the best interests of the creditors and the estate.

   Also, the court may give weight to the opinions of the trustee, the parties, and their attorneys.  <u>In re Blair</u>, 538 F.2d 849, 851 (9th Cir. 1976).  Furthermore, the law favors compromise and not litigation for its own sake.  <u>Id</u>.

   The compromise will be approved.

   11 U.S.C. § 330(a)(1)(A)&(B) permits approval of "reasonable compensation for actual, necessary services rendered by . . . [a] professional person" and "reimbursement for actual, necessary expenses."  The services of the trustee's counsel included, without limitation: (1) examining Mr. Farnsworth about the debtor's business practices; (2) reviewing the debtor's business

Case 05-29960   Filed 11/06/06   Doc 38

records; (3) investigating the estate's interest in assets that could be liquidated; (4) analyzing the merits and risks of prosecuting an action against Mr. Farnsworth, relating to the insurance premium renewal accounts; (5) negotiating a settlement agreement with Mr. Farnsworth over the estate's interest in the accounts; and (6) obtaining court approval of the settlement agreement.

The court finds that the requested compensation is for actual and necessary services rendered to the trustee in connection with his administration of this estate. And, the terms of the previously approved contingency fee agreement have not proven improvident in light of subsequent developments.

The compensation and expense reimbursement will be approved according to the terms of counsel's employment as previously approved by the court.

The trustee shall lodge a proposed order.

Dated: Nov. 6, 2006

By the Court

*/s/ signature*

Michael S. McManus, Chief Judge
United States Bankruptcy Court

-3-

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

| MARK W. BRIDEN | JOHN W. REGER | BYRON LEE LYNCH |
| 691 MARAGLIA DR #D | PO BOX 933 | 1805 HILL TOP DR #202 |
| PO BOX 493085 | PALO CEDRO CA 96073 | REDDING CA 96002 |
| REDDING CA 96049-3085 | | |

| U.S.TRUSTEE | FARNSWORTH | MARK VEGH |
| 501 I ST #7-500 | INSURANCE AGENCY | 420 REDCLIFF DR |
| SACRAMENTO CA 95814 | 1005 YUBA | PO BOX 492396 |
| | REDDING CA 96001 | REDDING CA 96049 |

DATED: 11/7/06                By: _____
                                    Deputy Clerk

EDC 3-070 (New 4/21/00)